# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CASE NO. 24-11964

---

## ALPINE PARTNERS (BVI) LP,

*Petitioner-Appellee,*

v.

## MARK GUINAN,

*Respondent-Appellant*

---

## BRIEF FOR PETITIONER-APPELLEE

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

Lawrence J. Dougherty
JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP
400 N Ashley Drive, Suite 3100
Tampa, Florida 33602
Telephone: (813) 553-3604
larryd@jpfirm.com

Duane L. Loft
Brianna Hills Simopoulos
Mark C. Davies
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970-2300
Duane.Loft@pallasllp.com
Brianna.Simopoulos@pallasllp.com
Mark.Davies@pallasllp.com

*Counsel for Petitioner-Appellee Alpine Partners (BVI) L.P.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Petitioner-Appellee, Alpine Partners (BVI) LP, submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this review:

1. Alpine Partners (BVI) LP (Petitioner-Appellee)

2. Alpine Global Management, LLC

3. APS Holdings Corporation

4. Cech Samole, Brigid F. (Counsel for Respondent-Appellant)

5. Cembrovska, Anastasia (Counsel for Petitioner-Appellee)

6. Clemente, Katherine (Counsel for Respondent-Appellant)

7. Collas Crill

8. Davies, Mark (Counsel for Petitioner-Appellee)

9. Dougherty, Lawrence (Counsel for Petitioner-Appellee)

10. Dudek, The Honorable Kyle C. (U.S. Magistrate Judge)

11. Freshfields Bruckhaus Deringer US LLP (Counsel for Respondent-Appellant)

12. Greenberg Traurig, LLP (Counsel for Respondent-Appellant)

13. Greenberg Traurig, P.A. (Counsel for Respondent-Appellant)

14. Guinan, Mark (Respondent-Appellant)

15. Henslee, Brandt (Counsel for Respondent-Appellant)

16. Johnston, Jacob (Counsel for Respondent-Appellant)

17. Johnson Pope Bokor Ruppel & Burns LLP (Counsel for Petitioner-Appellee)

18. Kennedys Law LLP (Expert for Petitioner-Appellee)

19. Kennedys Chudleigh Limited (Expert for Petitioner-Appellee)

20. Livshiz, David (Counsel for Respondent-Appellant)

21. Loft, Duane (Counsel for Petitioner-Appellee)

22. Mizell, The Honorable Nicholas P. (U.S. Magistrate Judge)

23. Pallas Partners (US) LLP (Counsel for Petitioner-Appellee)

24. Polster Chappell, The Honorable Sheri (U.S. District Judge)

25. Porter, Brian (Counsel for Respondent-Appellant)

26. Simopoulos, Brianna Hills (Counsel for Petitioner-Appellee)

27. Sumitovant Biopharma Ltd.

28. Sumitomo Pharma UK Holdings, Ltd.

29. Weinstein, David (Counsel for Respondent-Appellant)

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-3, Petitioner-Appellee, Alpine Partners (BVI) LP makes the following statement as to corporate ownership: Petitioner-Appellee, Alpine Partners (BVI) LP hereby discloses that (i) it is privately owned and is not a corporation, (ii) it does not have a parent corporation, and (iii) no publicly held corporation owns ten percent or more of its stock.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner-Appellee Alpine Partners (BVI) L.P. ("Alpine") respectfully submits that oral argument is unnecessary. The District Court, reasonably exercising its discretion, weighed the Supreme Court's *Intel* factors and granted Alpine's application (the "Application") under 28 U.S.C. § 1782 ("Section 1782") for a deposition of Respondent-Appellant Mark Guinan ("Mr. Guinan") in connection with an appraisal proceeding pending in Bermuda.

This appeal, and Mr. Guinan's request for oral argument, is merely Mr. Guinan's latest effort to avoid his discovery obligations. The District Judge's Order will be reviewed deferentially for abuse of discretion and clear error. Because that Order is supported by both law and fact, no further explanation is required in addition to the parties' briefing.

Of course, should the Court decide that oral argument would be helpful, Alpine's counsel welcome the opportunity to discuss the reasons why this Court should affirm the District Judge's Order.

**TABLE OF CONTENTS**

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUES..........................................................1

INTRODUCTION ............................................................................1

STATEMENT OF THE CASE.............................................................4

I.      FACTUAL BACKGROUND.......................................................4

    A.      The Merger ...................................................................4

    B.      The Bermuda Proceeding ...................................................6

II.     PROCEDURAL HISTORY ........................................................6

SUMMARY OF ARGUMENT ..........................................................10

STANDARD OF REVIEW ..............................................................12

ARGUMENT ..............................................................................13

I.      THE STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S ORDER ON A SECTION 1782 APPLICATION IS CLEAR ERROR........13

II.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN APPLYING THE *INTEL* FACTORS...........................................18

    A.      The District Court Applied the Correct Standard for the First *Intel* Factor...................................................................19

    B.      The District Court Correctly Found that Mr. Guinan's Testimony May Be Unobtainable Absent Section 1782 Aid. ......................................23

    C.      Reversal Based on the *Intel* Factors Is Not Warranted. ......................30

CONCLUSION ............................................................................31

# TABLE OF AUTHORITIES

## Cases

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
    747 F.3d 1262 (11th Cir. 2014) ..............................................................................19

*Arceklik A.S. v. E.i. DuPont de Nemours & Co.*,
    856 F. App'x 392 (3d. Cir. 2021) ...........................................................................14

*FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*,
    No. 2:21-mc-01019, ECF No. 48 (N.D. Cal. Dec. 20, 2021) ...................... 24, 25

*FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*,
    No. 2:21-mc-01019, ECF. No. 60 (N.D. Cal. Dec. 31, 2021) ...............................25

*Harris v. Chapman*,
    97 F.3d 499 (11th Cir. 1996) .................................................................................19

*In Matter of Application of Leret*,
    51 F. Supp. 3d 66 (D.D.C. 2014) ..........................................................................28

*In re Alpine Partners (BVI) L.P.*,
    No. CV 24-337 (KSH) (JSA), 2024 WL 4336824 (D.N.J. Sept. 27, 2024). 25, 26, 27

*In re Application of Pola Mar. Ltd.*,
    2018 WL 1787181(S.D. Ga. Apr. 13, 2018) .........................................................14

*In re Application of the Coal. to Protect Clifton Bay, Louis Bacon for an Ord. Pursuant to 28 U.S.C. section 1782 to Conduct Discovery for use in Foreig Proc.*,
    No. 14MC258 DLC, 2014 WL 5454823 (S.D.N.Y. Oct. 28, 2014) ....................31

*In re Chevron Corp.*,
    2010 WL 8767265 (N.D. Ga. Mar. 2, 2010) .........................................................14

*In re Clerici*,
    481 F.3d 1324 (11th Cir. 2007) ..................................................................... 12, 20

*In re DNG FZE*,
    No. 23-mc-435, 2024 WL 124694 (S.D.N.Y. Jan. 11, 2024)................................27

*In re Jagodzinski,*
    2019 WL 1112389 (S.D. Fla. Jan. 15, 2019) .......................................................28

*In re Pinchuk,*
    2014 WL 1745047 (S.D. Fla. Apr. 30, 2014) .....................................................26

*In re Pons,*
    614 F. Supp. 3d 1134 (S.D. Fla. Apr. 13, 2020) ........................................... 13, 15

*In re Sergeeva,*
    2015 WL 12866970 (N.D. Ga. Feb. 6, 2015) ....................................................14

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004) ........................................................................ 18, 19, 20, 30

*JSC MCC EuroChem v. Chauhan,* No,
    2018 WL 3872197 (M.D. Tenn. Aug. 15, 2018) ...............................................15

*Pons v. AMKE Registered Agents LLC,*
    835 F. App'x 465 (11th Cir. 2020) ...................................................................13

*Rothe v. Aballi,*
    2021 WL 4429814, (11th Cir. 2021) ................................................................13

*United Kingdom v. United States,*
    238 F.3d 1312, 1318–19 (11th Cir. 2001) ........................................................19

*Victoria, LLC v. Likhtenfeld,*
    791 F. App'x 810 (11th Cir. 2019) ...................................................................13

*Weatherly v. Ala. State Univ.,*
    728 F.3d 1263 (11th Cir. 2013) ........................................................................13

*Weber v. Finker,*
    2008 WL 2157034 (M.D. Fla. May 20, 2008), *aff'd,* 554 F.3d 1379 (11th Cir.
    2009) .................................................................................................................14

## **Statutes**

12 U.S.C. § 3405 ....................................................................................................16

28 U.S.C. § 1782 ....................................................................................................16

28 U.S.C. § 636(b)(1)(A) .......................................................................................13

## Rules

Fed. R. Civ. P. 72(a)..................................................................................17

Rule 30(b)(6) ................................................................................ 24, 25

# STATEMENT OF JURISDICTION

Alpine does not dispute the statement of jurisdiction made by Mr. Guinan.

# STATEMENT OF THE ISSUES

1.     Whether a district court should review a magistrate judge's order on a Section 1782 Application for clear error or *de novo*.

2.     Whether the District Court abused its considerable discretion in weighing the *Intel* factors in favor of Alpine's Application for a deposition of Mr. Guinan pursuant to Section 1782.

# INTRODUCTION

Mr. Guinan seeks to reverse the District Court's decision granting Alpine's Application under Section 1782 for a deposition of Mr. Guinan for use in shareholder appraisal rights litigation (the "Bermuda Proceeding") pending in the Supreme Court of Bermuda (the "Bermuda Court"). In the Bermuda Proceeding, Alpine and another dissenting shareholder seek a determination of the fair value of their shares in Myovant Sciences Ltd. ("Myovant"), a Bermuda company that was delisted from the New York Stock Exchange and taken private pursuant to a $1.7 billion merger (the "Merger") orchestrated by Sumitomo Pharma UK Holdings, Ltd. (f.k.a. Sumitomo Biopharma Ltd.) ("Sumitomo") and its affiliates.

Mr. Guinan—a former director of Myovant who served as the chairman of the Special Committee that approved the Merger—does not dispute that his deposition testimony is highly relevant to the Bermuda Proceeding. Nor does he dispute that

the statutory requirements of Section 1782 are met or that three of the four *Intel* factors (the Supreme Court's factors that guide district courts' exercise of discretion under Section 1782) weigh in favor of granting Alpine's Application. Mr. Guinan instead argues that the first *Intel* factor (whether the requested discovery is available in the Bermuda Proceeding) warrants reversal of the District Court's well-reasoned decision because Mr. Guinan intends to testify as a trial witness in the Bermuda Proceeding. Mr. Guinan, however, is not a party to the Bermuda Proceeding, is no longer affiliated with a party to the Bermuda Proceeding, and is not a resident of Bermuda.

Therefore, the Bermuda Court has no power to compel Mr. Guinan's testimony. It was on this basis that the Magistrate Judge reasoned that Mr. Guinan's testimony may be unavailable in the Bermuda Proceeding and, weighing the other *Intel* factors as well, granted Alpine's Application. Mr. Guinan filed objections to the Magistrate Judge's order, and the District Judge overruled those objections, appropriately determining that the Magistrate Judge's order was "not clearly erroneous or contrary to law."

Mr. Guinan now argues that the District Judge erred in three ways. First, Mr. Guinan asks this Court to rule against existing Eleventh Circuit authorities and determine that a magistrate judge's decision on a Section 1782 application is a dispositive ruling that should be reviewed *de novo*. As the vast majority of

authorities to consider this issue have determined, however, decisions on Section 1782 applications are non-dispositive because they do not resolve any party's claim or defense. Accordingly, the District Judge appropriately reviewed the Magistrate Judge's Order for clear error. In any event, the District Judge also reviewed the Magistrate Judge's Order *de novo* and concluded that the Application should be granted. Therefore, even if this Court holds that a magistrate judge's order on a Section 1782 application should be reviewed *do novo*, the District Judge's Order here should not be reversed.

Second, Mr. Guinan claims that the District Judge erred in applying the first *Intel* factor because she did not consider whether the requested discovery is available to the Bermuda Court. There is no basis for this argument. Both the Magistrate Judge's and the District Judge's analysis under the first *Intel* factor centered around the question of availability of Mr. Guinan's testimony absent Section 1782 aid.

Third, Mr. Guinan claims that the first *Intel* factor warrants reversal of the District Court's Order because Mr. Guinan intends to voluntarily appear as a witness at the trial of the Bermuda Proceeding and holding otherwise will require all third-party witnesses in foreign proceedings residing in the United States to testify twice. As explained above, however, Mr. Guinan is not subject to the Bermuda Court's jurisdiction, meaning that the Bermuda Court has no power to compel his testimony should he decide not to appear or the parties to the Bermuda Proceeding elect not to

call him as a witness, which would leave Alpine without any means of obtaining Mr. Guinan's critical testimony. And Mr. Guinan's "parade of horribles," as the District Court described it, rings hollow. Under the District Judge's Order, even Mr. Guinan, whose appearance in the Bermuda Proceeding is voluntary, is not required to testify twice. Even if there were some legitimacy to this claim, district courts have considerable discretion to apply the *Intel* factors and adjudicate Section 1782 applications. Mr. Guinan's alarms about the unprecedented implications the District Court's Order could have nationwide are baseless.

For these reasons, and as set forth below, the Court should affirm the District Court's Order granting Alpine's application for a deposition of Mr. Guinan.

## STATEMENT OF THE CASE

### I. FACTUAL BACKGROUND

#### A. The Merger

Prior to the Merger, Sumitovant Biopharma Ltd. ("Sumitovant"), a subsidiary of Sumitomo, beneficially owned 51.8% of the outstanding Myovant shares and had voting power to elect greater than 50% of the Myovant board of directors. App'x Vol. II at 78. On April 4, 2022, Sumitovant first indicated to Myovant an interest in acquiring the remaining common shares of Myovant that Sumitovant did not already own. *Id.* at 40.

On April 28, 2022, the Myovant Board formed a Special Committee to evaluate the fairness of and decide whether to approve of any proposed transaction by Sumitovant. *Id.* at 41. The Special Committee included three purportedly independent directors of Myovant: Respondent-Appellant Mark Guinan, Terrie Curran, and Nancy Valente. *Id.* The Myovant Board tasked the Special Committee with reviewing and evaluating any proposal from Sumitovant, negotiating the terms of any such transaction, making a recommendation to the Board on whether to enter such a transaction, and identifying and evaluating potential alternatives to a transaction with Sumitovant, including remaining a separate company. *Id.*

Over the course of five months, from April to October 2022, the Special Committee engaged in communications with advisors to Sumitovant, including related to the ongoing due diligence process being conducted by Sumitovant. *Id.* at 42. In September 2022, the Special Committee considered "the possibility of conducting outreach to potential third parties other than Sumitovant in advance of receiving a proposal from Sumitovant," but ultimately decided not to do so, apparently based on "the risk that Sumitovant and [Sumitomo] would be unwilling to support a sale of Myovant to a third party which could make any outreach futile, the likelihood that few parties other than one of Myovant's current commercial partners would be interested in a transaction and the potential negative impact on

Myovant and its relationships with third parties if such outreach were to become known." *Id.* at 44.

Just three weeks after Sumitovant's initial offer, Sumitovant submitted an offer of $27 per share. Although analysis from the Special Committee's financial advisor had previously indicated that the fair value per share was $30, the Special Committee voted to approve the Merger, which ultimately closed on March 10, 2023. *Id.* at 49.

## B. The Bermuda Proceeding

On February 27, 2023, Alpine and another dissenting shareholder (together, the Dissenting Shareholders") initiated the Bermuda Proceeding, asking the Bermuda Court to determine the fair value of their shares under Section 106(6) of the Bermuda Companies Act. The Bermuda Court will be charged with determining the fair value of the Dissenting Shareholders' shares. This process involves examining both the valuation of the Company and the fairness of the process that led to the approval of the Merger. Dkt. 2–2 ¶¶ 19–24.[1]

## II. PROCEDURAL HISTORY

On January 19, 2024, Alpine brought the Application pursuant to Section 1782 to obtain documents and deposition testimony from Mr. Guinan for use in the

---

[1] Dkt. Numbers refer to the docket in *In re Application of Alpine Partners (BVI), L.P.*, No. 24-cv-00412 (SPC) (NPM).

Appraisal Proceeding. App'x Vol. I at 14–26. Mr. Guinan filed an opposition to the Application on March 9, 2024. *Id.* at 45–74. Alpine filed a reply brief in further support of the Application on March 29, 2024. App'x Vol. IV at 6–37. Mr. Guinan filed a sur-reply brief on April 5, 2024. *Id.* at 39–48.

Alpine and Mr. Guinan met and conferred and reached certain agreements that narrowed the scope of the discovery sought, pursuant to which Alpine withdrew its document requests without prejudice. The remaining dispute concerned Mr. Guinan's deposition testimony.

On April 15, 2024, in a well-reasoned opinion, the Magistrate Judge granted Alpine's Application. App'x Vol. IV at 66–72. The Magistrate Judge first found that the three statutory requirements of Section 1782 were satisfied. *Id.* at 68–69. Moving to consideration of the discretionary *Intel* factors, the Magistrate Judge noted that Mr. Guinan only advanced arguments concerning the first and fourth *Intel* factors in his opposition. The Magistrate Judge found that the first *Intel* factor— whether Mr. Guinan is a participant in the Bermuda Proceeding—weighed in favor of granting the Application because Mr. Guinan is an "unaffiliated, potential witness" and his testimony "may be unobtainable absent § 1782 aid." *Id.* at 70. In arriving at this determination, the Magistrate Judge considered Mr. Guinan's representations that he would be a witness at the Bermuda Proceeding but found that these were "unenforceable promises to appear," that "Guinan could later refuse to

attend the Bermuda proceeding, or Sumitovant could decide it is better off without his testimony," and that "[s]hould that happen, Alpine will be left holding the bag and have no ability to ask Guinan about the fairness of the merger price or the process that led to the Merger." *Id.* at 70–71.  The Magistrate Judge then considered Mr. Guinan's arguments concerning the fourth *Intel* factor (burden), and found that "[g]iven Guinan's relevance to the Bermuda suit, requiring him to sit for a deposition is not unduly burdensome." *Id.* at 71–72.  Accordingly, the Magistrate Judge concluded that "[w]eighing the *Intel* factors against the circumstances of this dispute, the Court is satisfied that permitting the discovery requested is appropriate." *Id.* at 72.

Mr. Guinan subsequently filed objections to the Magistrate Judge's Order on April 29, 2024.  App'x Vol. IV at 74–85.  On May 23, 2024, the District Judge issued an Order overruling Mr. Guinan's objections.  *Id.* at 102–108.  Following Eleventh Circuit authorities, the District Judge held that "an order granting § 1782 relief is non-dispositive" and therefore reviewed the Magistrate Judge's Order for clear error. *Id.* at 103–104.  The District Judge noted that Mr. Guinan objected only to the Magistrate Judge's application of the first *Intel* factor.  *Id.* at 105.  The District Judge explicitly considered the availability of the requested discovery in the Bermuda Proceeding as part of its analysis on the first *Intel* factor, noting that: "[t]his factor is important because nonparticipants in the foreign proceeding may be outside the

foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid."  App'x Vol. IV at 105 (internal citation omitted).

The District Judge then considered and overruled each of Mr. Guinan's objections.  First, the District Judge rejected Mr. Guinan's argument that the Magistrate Judge's Order "contradicts all existing authority from around the United States," noting that Mr. Guinan's own briefing acknowledged cases that contradicted his statement of the law, that none of Mr. Guinan's authorities were binding precedent, and that the "assertion that it was error for [the Magistrate Judge] to not address each of these opinions is absurd." *Id.* at 105–106.

Second, the District Court rejected Mr. Guinan's argument that his promise to testify in the Bermuda Proceeding could be enforced, noting that the Magistrate Judge provided "an excellent reason" for finding otherwise, that "if [Mr. Guinan] refuses to participate in the Bermuda proceeding, then [Alpine] may be left without his testimony." *Id.* at 106.

Third, the District Judge rejected Mr. Guinan's assertion that "if accepted, the Order's reasoning would apply to nearly every U.S. resident third-party witness in foreign proceedings," noting that Mr. Guinan's "parade of horribles is irrelevant to deciding whether the facts of this case support compelling [Mr. Guinan's] deposition" and that Mr. Guinan "ignores that the decision whether to grant § 1782

relief is discretionary and turns on the consideration of several factors and the facts of each case." *Id.* at 106–107.

Fourth, the District Judge rejected Mr. Guinan's argument that "the fact that a witness *may* become unavailable to testify is not a basis to order Section 1782 relief" because "that is exactly what *Intel* says" and because "the evidence here *may* be unobtainable absent § 1782 relief given [Mr. Guinan] is outside the Bermuda court's jurisdictional reach." *Id.* at 107 (emphasis in original). The District Judge therefore concluded that the Magistrate Judge's Order granting the Application was not clearly erroneous or contrary to law. *Id.*

Finally, the District Judge noted that "[i]n the abundance of caution, the Court has also reviewed the matter de novo and overrules [Mr. Guinan's] objection even without affording any deference to [the Magistrate Judge's] well-written Order." *Id.*

## SUMMARY OF ARGUMENT

Mr. Guinan first asserts that the District Judge erred in reviewing the Magistrate Judge's Order for clear error. As Mr. Guinan recognizes, the applicable standard of review turns on whether a magistrate judge's order on a Section 1782 application is dispositive or non-dispositive. Dispositive orders are reviewed *de novo*, and non-dispositive orders are reviewed for clear error. All the existing authority from this Circuit, including multiple decisions from this Court, support the application of clear error review for magistrates' orders on Section 1782 applications

on the basis that such orders are non-dispositive. In his attempt to overturn these common-sense authorities, Mr. Guinan points only to a few out-of-circuit courts that have found Section 1782 decisions to be dispositive. Not only do these out-of-circuit cases contradict existing authorities from this Circuit, but they are also in the clear minority nationwide. As a last resort, Mr. Guinan argues that the Court should look to decisions involving administrative subpoenas, which certain courts (although not this Court) have found to be dispositive. These cases are inapposite entirely because once an administrative subpoena is resolved, there is no underlying dispute pending before another tribunal, as is the case with a Section 1782 application.

Mr. Guinan next argues that the District Court abused its discretion in applying the *Intel* factors, although he challenges only the District Court's application of the first *Intel* factor. Mr. Guinan claims that the District Court determined that the first *Intel* factor "turned on whether the Section 1782 target is a participant in the foreign proceeding, and not whether the evidence sought is available in that proceeding." Guinan Br. at 15. But that is not what the District Court did. In fact, both the Magistrate Judge and the District Judge extensively considered the question of whether the requested discovery was available in the Bermuda Proceeding and it was based on their determination that Mr. Guinan's testimony may not be available in the Bermuda Proceeding that they found that the first *Intel* factor weighed in favor of granting Alpine's Application. That

determination was well-reasoned: Mr. Guinan is not a party to the Bermuda Proceeding, is no longer affiliated with any party to the Bermuda Proceeding, and is not a resident of Bermuda. Therefore, the Bermuda Court has no power to compel him to provide testimony, and his promise to appear as a voluntary trial witness is unenforceable.

Additionally, the alarm bells Mr. Guinan rings about the implications of the District Court's decision, including that it will result in every Section 1782 application seeking discovery from a third party to be granted, border on the absurd. Decisions as to whether to grant Section 1782 relief are discretionary and turn on the considerations specific to the facts of circumstances of each case.

Finally, even if Mr. Guinan were correct that the first *Intel* factor did not weigh in favor of granting the Application, that would not warrant reversal of the District Judge's Order. None of the *Intel* factors is required or dispositive by itself, and as Mr. Guinan concedes, each of the second, third, and fourth *Intel* factors weigh in favor of granting the Application, providing an independent basis for affirming the District Judge's Order.

## STANDARD OF REVIEW

This Court reviews for abuse of discretion the District Court's consideration of the *Intel* factors that supported the grant of Section 1782 relief. *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007) (noting that the review is extremely limited and

highly deferential, just as in reviewing the district court's ordinary discovery rulings).  The Court reviews underlying questions of law *de novo*.  *See Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269 (11th Cir. 2013).

## ARGUMENT

## I.  THE STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S ORDER ON A SECTION 1782 APPLICATION IS CLEAR ERROR.

Mr. Guinan asks this Court to rule against existing Eleventh Circuit authorities and the vast majority of courts across the country that have held that decisions on Section 1782 applications are non-dispositive and should be reviewed for clear error. Guinan Br. at 17–26.  As Mr. Guinan is forced to concede, multiple Eleventh Circuit decisions have held that a Section 1782 application is a non-dispositive matter. In *Rothe v. Aballi*, this Court held that "§ 1782 motions are non-dispositive matters within the meaning of 28 U.S.C. § 636(b)(1)(A), and orders on such motions are 'set aside or modified [by the district court] only if clearly erroneous or contrary to law.'" 2021 WL 4429814, at *2 (11th Cir. 2021) (citation omitted).  In *Pons v. AMKE Registered Agents LLC*, this Court affirmed a decision from the Southern District of Florida that held that a Section 1782 application was "a nondispositive, pretrial matter which may be referred to a magistrate judge for an order."  835 F. App'x 465 (11th Cir. 2020) (affirming *In re Pons*, 614 F. Supp. 3d 1134, 1142 (S.D. Fla. Apr. 13, 2020)); *see also Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 815 (11th Cir. 2019) (standard of review for Section 1782 decision is clear error).

Decisions from the district courts in the Eleventh Circuit follow suit. *See Weber v. Finker*, 2008 WL 2157034, at *1 (M.D. Fla. May 20, 2008), *aff'd*, 554 F.3d 1379 (11th Cir. 2009) ("[T]he Court holds that the United States Magistrate Judge had the authority to enter an Order, as opposed to a Report and Recommendation, on the motion to compel, filed pursuant to 28 U.S.C. § 1782."); *In re Application of Pola Mar. Ltd.*, 2018 WL 1787181, at *1 (S.D. Ga. Apr. 13, 2018) (considering a magistrate judge's denial of respondent's motion to quash subpoenas issued pursuant to Section 1782 to be non-dispositive); *In re Sergeeva*, 2015 WL 12866970, at *2 (N.D. Ga. Feb. 6, 2015) (same); *In re Chevron Corp.*, 2010 WL 8767265, at *2 (N.D. Ga. Mar. 2, 2010) (holding that a magistrate judge's ruling on a § 1782 application is non-dispositive).

In an attempt to circumvent these Eleventh Circuit authorities, Mr. Guinan points instead to several out-of-circuit decisions cases where he contends courts held that a magistrate judge's order on a Section 1782 application was a dispositive matter. Guinan Br. at 19–22.[2] Not only are these cases non-binding and less persuasive then the Eleventh Circuit authorities discussed above, but they are also in the clear minority. The vast majority of authorities on this topic concludes that a

---

[2] Mr. Guinan points to the Third Circuit's ruling in *Arceklik A.S. v. E.i. DuPont de Nemours & Co.*, but that decision concerned the review of a magistrate's order on a letters rogatory request, not a Section 1782 application. 856 F. App'x 392, 392 (3d Cir. 2021).

magistrate judge's ruling on a motion for discovery under Section 1782 is non-dispositive. *In re Pons*, 614 F. Supp. 3d at 1141 ("The great majority of courts to address the issue have found that a magistrate judge has jurisdiction to issue an order on amotion to quash a Section 1782 subpoena (and other Section 1782 discovery motions."); *JSC MCC EuroChem v. Chauhan*, No, 2018 WL 3872197, at *1 (M.D. Tenn. Aug. 15, 2018) ("The majority of persuasive authority on this topic concludes that a magistrate judge's ruling on a motion for discovery under 28 U.S.C. § 1782(a) is nondispositive.") (collecting cases); S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 72 ("most of the courts to have addressed the issue have held that § 1782 applications are nondispositive matters.") (collecting cases).

Mr. Guinan asserts that orders on Section 1782 applications "constitute[] the ultimate adjudication of the case before the federal court because it grants or denies the ultimate relief sought." Guinan Br. at 22. As recognized by the vast majority of courts that have found Section 1782 decisions to be non-dispositive, however, Section 1782 decisions are ancillary proceedings that, by their nature, do not resolve any claim or defense. Section 1782 empowers a district court to order a person residing within its district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international

tribunal." 28 U.S.C. § 1782. The only issue before the district court is discovery; the underlying litigation rests before a foreign tribunal.

Recognizing that the case law involving Section 1782 decisions is against him, Mr. Guinan draws a strained analogy to decisions on administrative subpoenas, which some courts treat as dispositive. Guinan Br. at 22–26. Unlike a Section 1782 application, however, a request for an administrative subpoena is not brought in connection with a separate judicial proceeding. Rather, administrative subpoenas are issued by federal agencies in connection with investigations or similar inquiries. 12 U.S.C. § 3405. Decisions involving administrative subpoenas are inherently different from Section 1782 proceedings, therefore, in that once an application for an administrative subpoena is resolved, there is no underlying dispute pending before any tribunal. Once a Section 1782 proceeding is adjudicated, by contrast, the underlying dispute for which the discovery was sought remains pending before a foreign court. In any event, even if cases concerning administrative subpoenas were relevant to the determination here, as Mr. Guinan is forced to concede, the Eleventh Circuit has not ruled as to whether decisions on administrative subpoenas are dispositive. Guinan Br. at 23 n.3.

Moreover, where a magistrate judge grants a Section 1782 application, which was the case here, the magistrate judge may still have more on which to rule. Granting the Section 1782 application merely allows the subpoena to be served.

Parties may have disputes following the issuance of a Section 1782 subpoena that need to be raised with the court that granted the application.  Here, for example, the parties may need judicial assistance to resolve disputes concerning the timing, duration, and scope of Mr. Guinan's deposition.

Accordingly, the Magistrate Judge appropriately issued an Order, not a Report and Recommendation, and the District Judge properly held that the Magistrate Judge's Order was non-dispositive.  *See* Appx's Vol. IV at 103 ("Afterall, a decision whether to compel discovery under § 1782 in no way resolves 'a party's claim or defense.'  Fed. R. Civ. P. 72(a).  This § 1782 proceeding is only ancillary to the Bermuda proceedings that involve such claims or defenses.").  This Court should reject Mr. Guinan's attempt to upend the vast majority of authorities, including from this Circuit, that have determined that Section 1782 decisions are non-dispositive matters that should be reviewed for clear error, not *de novo*.

Even if this Court determines that the applicable standard of review for a magistrate judge's ruling on a Section 1782 application is *de novo*, the District Judge's Order should be affirmed because the District Judge "also reviewed the matter de novo and overrule[d] Respondent's objection even without affording any deference to Judge Dudek's well-written Order."  App'x Vol. IV at 107.

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN APPLYING THE *INTEL* FACTORS.

A district court deciding whether to grant a Section 1782 application must work through two steps. The first is determining whether it has the authority to grant the application under three statutory requirements: (1) the discovery is sought from someone who resides or is found within the district; (2) the discovery is for use before a foreign tribunal; and (3) the applicant is an "interested person." 28 U.S.C. § 1782(a). If these statutory requirements are met, the court then considers four discretionary "*Intel*" factors in deciding whether to grant a Section 1782 application: (1) whether the person from whom discovery is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

On the discretionary *Intel* factors, "[w]hether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court," and this Court "may overturn the district court's decision only for abuse of discretion." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d

1262, 1271 (11th Cir. 2014) (quoting *United Kingdom v. United States,* 238 F.3d 1312, 1318–19 (11th Cir. 2001)). "This deferential standard is identical to that used in reviewing the district court's ordinary discovery rulings." *United Kingdom*, 238 F.3d at 1319; *cf. Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996) ("District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential.").

The Magistrate Judge and District Judge correctly concluded that the statutory requirements were met and that the discretionary *Intel* factors weighed in favor of permitting the limited discovery here. Mr. Guinan challenges only the first *Intel* factor.

## A. The District Court Applied the Correct Standard for the First *Intel* Factor.

According to Mr. Guinan, there are two potential tests under first *Intel* factor: the "availability test" and the "participant test." Guinan Br. at 26–30. This is a false distinction that misstates the law under the first *Intel* factor and misconstrues the District Court's application of that law in this case.

Mr. Guinan asserts that the District Court applied the wrong test by framing the first *Intel* factor as a question of "whether [Mr. Guinan] is a participant in the Bermuda proceedings." Guinan Br. at 26 (quoting District Judge's Order, App'x Vol. IV at 70). Yet this articulation of the first factor is taken directly from the Supreme Court's decision in *Intel*. *Intel*, 542 U.S. at 244 ("First, when the person

from whom discovery is sought is a participant in the foreign proceeding, as Intel is here, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). It is also consistent with this Court's articulation of the standard. *See, e.g., In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) ("[T]he Supreme Court in *Intel* noted these factors to be considered in exercising the discretion granted under § 1782(a): (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'….").

Notwithstanding the fact that the District Court framed the first *Intel* factor exactly as this Court and the Supreme Court have, Mr. Guinan contends that the "correct" standard is "whether evidence sought under § 1782 is available to the foreign tribunal, not whether the target of a Section 1782 application is a participant in the foreign proceeding." Guinan Br. at 26. The two questions are, however, inextricably linked. This is apparent from the Supreme Court's decision in *Intel*, in which it noted: "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. There is no distinct "participant" test and "availability" test. Rather, in applying the first *Intel* factor—which, as much as Mr. Guinan would like to pretend is not the case, is consistently articulated as whether the respondent is a participant to the foreign

proceeding—courts should consider whether the requested discovery is available in the foreign proceeding.[3]

That is exactly what the District Court did here. Although Mr. Guinan focuses exclusively on the District Judge's articulation of the first *Intel* factor (which again, is language taken directly from the Supreme Court's decision that created the discretionary factors in the first place), the District Judge explicitly framed the first *Intel* factor in terms of the availability of the requested discovery:

> Respondent's objection involves the first factor—whether he is a participant in the Bermuda proceedings. This factor is important because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."

Appx's Vol. IV at 105 (citation omitted). The District Judge also extensively considered—and rejected—Mr. Guinan's arguments concerning the availability of the requested discovery in the Bermuda Proceeding. *See id.* at 106 ("if Respondent refuses to participate in the Bermuda proceeding, then Petitioner may be left without his testimony"); *id.* at 107 ("The *Intel* Court noted that nonparticipants may be outside of the foreign tribunal's jurisdictional reach, and so their evidence '*may* be

---

[3] In the briefing submitted to the District Court in connection with Alpine's Application, the parties did not dispute the applicable standard for the first *Intel* factor. In fact, Alpine argued in its reply brief in support of its Application that "[t]he only question under the first *Intel* factor [is] whether Mr. Guinan's pre-trial deposition testimony [is] available to Petitioner in the Appraisal Proceeding." App'x Vol. IV at 19.

unobtainable absent § 1782 (a) aid.' [and] the evidence here *may* be unobtainable absent § 1782 relief given Respondent is outside the Bermuda court's jurisdictional reach.") (emphasis in original).

The District Judge therefore applied the correct legal standard in considering the first *Intel* factor. There is simply no basis for Mr. Guinan's assertion that the District Court failed to consider the availability of the requested discovery in the Bermuda Proceeding when, in fact, its decision largely turned on that issue.

Mr. Guinan also rings a false alarm that the District Court's decision would require all third-party witnesses in foreign proceedings who reside in the United States to testify twice: "once in U.S.-style deposition, and again in the foreign proceeding." Guinan Br. at 29. Mr. Guinan asserted this argument in his objections to the Magistrate Judge's Order, and the District Judge correctly noted that his "parade of horribles is irrelevant to deciding whether the facts of this case support compelling Respondent's deposition." App'x Vol. IV at 106. Application of the *Intel* factors is an inherently discretionary process. Therefore, any concocted concerns about what the District Court's decision could mean for other Section 1782 proceedings are unwarranted. In any event, even as a result of the District Court's Order compelling Mr. Guinan's decision, Mr. Guinan is by no means "required" to testify twice. As the District Court correctly found, Mr. Guinan's testimony in the Bermuda Proceeding is entirely voluntary. A decision denying Mr. Guinan's

deposition on this basis, meanwhile, could actually have the inverse effect of incentivizing individuals to declare an intention to provide trial testimony in order to avoid their discovery obligations under Section 1782, even where they do not have a good faith intention to testify in the underlying foreign proceeding.

**B.    The District Court Correctly Found that Mr. Guinan's Testimony May Be Unobtainable Absent Section 1782 Aid.**

Mr. Guinan argues that because he intends to voluntarily appear as a witness at the trial that will take place in Bermuda, his testimony is available in the Bermuda Proceeding. Guinan Br. at 31–37. But the District Court reasonably exercised its discretion when it found that Mr. Guinan's testimony may be unobtainable absent Section 1782 aid. Mr. Guinan is not a party to the Bermuda Proceeding, is no longer affiliated with any party to the Bermuda Proceeding, and is not a resident of Bermuda. Therefore, the Bermuda Court has no power to compel him to provide testimony. *See* Dkt. 31–1 ¶¶ 26–30. Instead, Mr. Guinan can only point to his intention to submit a witness statement and "provide oral testimony at trial" in the Bermuda Proceeding. Guinan Br. at 31. Mr. Guinan did not submit any support to the District Court evidencing that his testimony is guaranteed, nor could he. At any point between now and trial, Mr. Guinan could decide not to testify, Sumitomo could decide not to call him, or he could become unavailable due to unforeseen circumstances. As the District Judge recognized, Mr. Guinan's "unenforceable promise to testify did not change the fact that his testimony ultimately 'may be

unobtainable absent § 1782(a) aid.'" App'x Vol. IV at 105 (internal citation omitted). S*ee also* App'x Vol. IV at 71 (Magistrate Judge's Order) ("Guinan could later refuse to attend the Bermuda proceeding, or Sumitovant could decide it is better off without his testimony," in which case "Alpine will be left holding the bag and have no ability to ask Guinan about "the fairness of the Merger price [or] the process that led to the Merger.").

Although Mr. Guinan frames this decision as wholly unprecedented, to the contrary, it is actually consistent with existing law. In *FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, a court in the Central District of California found that a Section 1782 deposition of a non-party to a Cayman appraisal proceeding was warranted even where the respondent represented that it would provide testimony in the underlying Cayman proceeding. Houlihan Lokey ("Houlihan"), the respondent, contested the Rule 30(b)(6) deposition under the *Intel* factors primarily on the basis that the same Houlihan representative who would be its deponent in the requested deposition would "give testimony and be subject to cross-examination" in the Cayman proceeding. *FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, No. 2:21-mc-01019, ECF No. 48 at 1 (N.D. Cal. Dec. 20, 2021). At a hearing concerning the petitioner's request for Houlihan's deposition testimony, the Court granted the deposition and found that the first *Intel* factor did not weigh against the requested deposition notwithstanding Houlihan's

representation that it would provide testimony in the Cayman proceeding.  Dkt. 31–2 at 18 (*FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, No. 2:21-mc-01019, ECF. No. 60 at 8 (N.D. Cal. Dec. 31, 2021)).[4]

Further, since the issuance of the District Judge's Order, another court in a related Section 1782 proceeding granted a deposition of one of Mr. Guinan's co-members on the Special Committee who similarly represented that she would testify at the trial in the Bermuda Proceeding.  In that proceeding, Alpine sought a deposition of Terrie Curran, who like Mr. Guinan, was a member of the Special Committee that approved the Merger, is no longer affiliated with a party to the Bermuda Proceeding, is not a resident of Bermuda, and represented that she would provide testimony as a trial witness in the Bermuda Proceeding.  *See In re Alpine Partners (BVI) L.P.,* No. CV 24-337 (KSH) (JSA), 2024 WL 4336824 at *4–6 (D.N.J. Sept. 27, 2024).  There, unlike here, Ms. Curran also submitted evidence to

---

[4] Mr. Guinan argued before the District Court that the *Houlihan* court ordered a deposition "because a corporation, as a whole, may have information that a specific witness lacks." App'x Vol. I at 65.  That is incorrect.  Houlihan represented that the same individual who would testify in the Cayman proceeding would be its Rule 30(b)(6) deponent.  *FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, No. 2:21-mc-01019, ECF No. 48 at 4 (N.D. Cal. Dec. 20, 2021) ("This individual versus corporate issue is wholly absent in the present case…Mr. O'Donnell will testify in the Cayman Islands in his corporate capacity and solely about things he did in his corporate capacity as managing director of Houlihan; thus if he testified in a Rule 30(b)(6) deposition he would be testifying in the exact same corporate capacity, creating total duplication of testimony.").  Thus, in ordering a deposition of Houlihan, the court's decision did not turn on the distinction between a corporate and individual deposition.

the court that she had executed a discovery agreement with the defendant in the Bermuda Proceeding purportedly binding her to provide testimony. *Id.* Nonetheless, the District of New Jersey court held that the first *Intel* factor weighed in favor of granting the deposition because "there is a distinction between the deposition testimony sought in Petitioner's application and the trial testimony that Ms. Curran has voluntarily offered to provide in Bermuda," "there is no dispute that Respondent, a non-party to the Bermuda Proceedings, has testimony relevant to the Bermuda Proceedings [and] Respondent alone possesses this testimony," and "the Bermuda Court does not have jurisdiction over Ms. Curran [and as] a result, if Ms. Curran refused to testify (or is rendered incapacitated to testify) in the Bermuda Proceedings, it appears the Bermuda Court will have no jurisdiction to enforce the terms of the agreement." *Id.*

Mr. Guinan points to several Section 1782 cases he claims show that Section 1782 depositions are unwarranted where the deposition target has agreed to testify as a witness in the foreign proceeding, but as the District Court recognized, "none of the opinions Respondent relies on are binding precedent." App'x Vol. IV at 106.

Moreover, none of the authorities cited by Mr. Guinan supports his arguments here. Mr. Guinan principally relies on a case from the Southern District of Florida, *In re Pinchuk*, 2014 WL 1745047, at *2 (S.D. Fla. Apr. 30, 2014). Guinan Br. at 32. *Pinchuk* is inapposite because the foreign tribunal, the London Court of International

26

Arbitration ("LCIA"), had the power to order the witness to provide pre-trial testimony. 2014 WL 1745047 at *1. Under the applicable LCIA rules, the LCIA could order upon a party's request that "a witness, on whose testimony another party seeks to rely, should attend for oral questioning at a hearing before the Arbitral Tribunal" and "any witness who gives oral evidence at a hearing before the Arbitral Tribunal may be questioned by each of the parties." Dkt. 31–2 at 12. The rules also provide that "[i]f the Arbitral Tribunal orders that other party to produce the witness and the witness fails to attend the oral hearing without good cause, the Arbitral Tribunal may place such weight on the written testimony (or exclude the same altogether) as it considers appropriate in the circumstances of the case." *Id.* No such provisions exist under Bermuda law. Dkt. 31–1 ¶ 30. *See also In re Alpine Partners (BVI) L.P.*, 2024 WL 4336824 at *5 ("[T]he foreign tribunal in *Pinchuk* had the authority to order a witness to provide pretrial testimony, which is not the case here.").

The other cases Mr. Guinan cites to are no more availing. In *DNG FZE*, the petitioner sought a deposition of a *current* employee of the defendant in the foreign proceeding and therefore found that the employee's testimony "cannot be said to be 'outside the foreign tribunal's jurisdictional reach.'" *In re DNG FZE*, No. 23-mc-435, 2024 WL 124694, at *3 (S.D.N.Y. Jan. 11, 2024).

In *Jagodzinski*, the court found that the first *Intel* factor weighed in favor of the respondents because the petitioner "offered no support" for his claim that the foreign court would be unable to compel the respondents' compliance with discovery in the foreign proceeding. *In re Jagodzinski*, 2019 WL 1112389, at *9 (S.D. Fla. Jan. 15, 2019). Here, by contrast, Alpine submitted undisputed evidence that Mr. Guinan is not subject to the Bermuda Court's jurisdiction and cannot be compelled to appear in the Bermuda Proceeding.

Finally, in *Leret*, the petitioner sought Section 1782 discovery for use in three Venezuelan proceedings, which the court denied on the basis that the respondent was himself a party to two of the three foreign proceedings. *In Matter of Application of Leret*, 51 F. Supp. 3d 66, 70 (D.D.C. 2014) ("The substantive basis for denying the application was a finding, based on the record and the show-cause hearing held, that Roche was a party to two of the three foreign proceedings for which discovery sought.").

Even if Mr. Guinan does testify at the trial of the Bermuda Proceeding, trial testimony is not a substitute for pre-trial deposition testimony, which has an independent purpose of discovering evidence and preserving testimony in a manner that cannot be accomplished at trial. Mr. Guinan argues that the distinction between deposition testimony and trial testimony is insignificant because Bermuda, like most foreign jurisdictions, does not provide a mechanism for pre-trial depositions. That

fact only further demonstrates the unavailability of Mr. Guinan's deposition testimony in the Bermuda Proceeding. Moreover, Mr. Guinan overlooks the Bermuda Court's receptivity to deposition testimony obtained through Section 1782. In *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited* [2009 CILR 553], the Cayman Court of Appeals, which is likely to be followed by the Bermuda Court, *see* Dkt. 2–2 ¶¶ 33–36, held that Section 1782 depositions are appropriate even where the deponents will be available for cross-examination at trial. Dkt. 2–2 at 682.

Mr. Guinan also falsely claims that recognizing "that deposition testimony and trial testimony are distinct for purposes of Section 1782….would support both non-party ***and*** party-witnesses in foreign proceedings being deposed in the United States, in addition to complying with the rules governing testimony in the jurisdiction of the underlying foreign proceeding." Guinan Br. at 35 (emphasis in original). According to Mr. Guinan, "[t]his would be a massive expansion of discovery permitted under Section 1782. *Id.* Similarly, Mr. Guinan asserts that the District Court's Order requiring Mr. Guinan to provide deposition testimony because he may not be able to testify at trial "would apply to all witnesses in foreign proceedings resident in the U.S., including party-affiliated witnesses." Guinan Br. at 36. Even if there were some legitimacy to these concerns, and there is not, they would be mitigated by the discretionary powers conferred upon district courts to

adjudicate Section 1782 proceedings and the statutory requirements that must be met in order to obtain Section 1782 discovery, including the requirement that a respondent be "found in" the district in which the relief is sought. But these concerns are wholly unwarranted because the District Court was clear that its application of the first *Intel* factor turned on the fact that Mr. Guinan, as a non-party to the Bermuda Proceeding, is not subject to the jurisdiction of the Bermuda Court. There is therefore no risk that the District Court's reasoning will subject party-witnesses in foreign proceedings to depositions in the United States.

Accordingly, the District Court did not abuse its considerable discretion in finding that the first *Intel* factor weighed in favor of granting Alpine's Application for a deposition of Mr. Guinan.

## C. Reversal Based on the *Intel* Factors Is Not Warranted.

Mr. Guinan does not challenge that the statutory Section 1782 requirements are met or that the second, third, and fourth *Intel* factors weigh in favor of Alpine. As set forth above, Mr. Guinan only challenges the District Court's application of the first *Intel* factor. None of the *Intel* factors is required or automatically dispositive – they simply "bear consideration in a ruling on a § 1782(a) request." *Intel*, 542 U.S. at 264; *see also In re Application of the Coal. to Protect Clifton Bay, Louis Bacon for an Ord. Pursuant to 28 U.S.C. section 1782 to Conduct Discovery for use in Foreig Proc.*, No. 14MC258 DLC, 2014 WL 5454823, at *3 (S.D.N.Y. Oct. 28,

2014) ("Even assuming, however, that the first Intel factor can weigh against granting a petition when the respondent may appear as a nonparty witness in the foreign proceedings, in this case that factor does not weigh so strongly as to end the analysis."). Therefore, even if Mr. Guinan were correct that the District Court misapplied the first *Intel* factor, and he is not, that would not warrant reversal of the District Court's decision.

## CONCLUSION

For the foregoing reasons, Alpine respectfully requests that the Court affirm the District Judge's Order.

Dated: October 23, 2024                                Respectfully submitted,


                                                       */s/ Duane L. Loft*
                                                       Duane L. Loft


Lawrence J. Dougherty                    Duane L. Loft
JOHNSON POPE BOKOR RUPPEL                 Brianna Hills Simopoulos
& BURNS, LLP                             Mark C. Davies
400 N Ashley Drive, Suite 3100           PALLAS PARTNERS (US) LLP
Tampa, Fl 33602                          75 Rockefeller Plaza
Telephone: (813) 553-3604                New York, New York 10019
larryd@jpfirm.com                        Telephone: (212) 970-2300
                                         Duane.Loft@pallasllp.com
                                         Brianna.Simopoulos@pallasllp.com
                                         Mark.Davies@pallasllp.com


*Counsel for Petitioner-Appellee Alpine Partners (BVI) L.P.*

**CERTIFICATE OF COMPLIANCE**

I certify that, pursuant to Federal Rules of Appellate Procedure 32(a)(5), (6), and (7)(B), the foregoing brief is proportionally spaced, has a typeface of 14 point, and contains 7396 words, excluding the parts of the brief exempted by Federal Rules of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4.

*/s/ Duane L. Loft*
Duane L. Loft

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I caused this brief to be filed with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Parties represented by registered CM/ECF users will be served by the CM/ECF system.

*/s/ Duane L. Loft*
Duane L. Loft